UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TAPIA, et al.,                                       :
                          Plaintiffs,                :
v.                                                   :
                                                     :          **ORDER**
HUAQUECHULA RESTAURANT CORP.                         :
D/B/A GUADALAJARA MEXICAN                             :          18-CV-10771 (PMH)
RESTAURANT, et al.,                                  :
                                                     :
                          Defendants.                :
-------------------------------------------------------------x

PHILIP M. HALPERN, United States District Judge:

On November 18, 2018, Plaintiffs Andrea Tapia and Melvin-Israel Garcia-Perez, on behalf

of themselves and all other similarly situated, commenced the instant action against Defendants

Huaquechula Restaurant Corp. d/b/a Guadalajara Mexican Restaurant ("Huaquechula"), Fidel Lira

a/k/a Jesus Lira, and Lucianna Figueroa (collectively, "Defendants") for, *inter alia*, unpaid wages

pursuant to the FLSA and NYLL. (Doc. 4, "Complaint"). On December 27, 2018, Defendants filed

an Answer to the Complaint. (Doc. 7). On September 17, 2019, the parties were ordered to

mediation, however, on March 5, 2020, Judge Karas vacated his mediation referral order. (Docs.

13, 19).

On March 3, 2020, Plaintiffs moved to amend their Complaint seeking to add, *inter alia*,

additional party plaintiffs and defendants. (Docs. 15-17). On March 30, 2020, Defendants opposed

Plaintiffs' motion to amend (Doc. 26), and on April 4, 2020, Plaintiffs submitted a reply on their

motion annexing a new, revised proposed Amended Complaint. (Doc. 27; Doc. 27-1, "Proposed

Amended Complaint"). In light of Plaintiffs' newly proffered Proposed Amended Complaint, on

April 7, 2020, Judge Karas permitted Defendants to file sur-reply on the motion to amend. (Doc.

29). On April 16, 2020, this case was reassigned to me, and on April 20, 2020, Defendants filed their sur-reply. (Doc. 30).[1]

On May 19 and 20, 2020, Plaintiffs filed consents to become party plaintiffs in this action on behalf of themselves as well as putative plaintiffs Carlos Palacio and Jose Rodriguez.[2] (Docs. 31-34). On May 21, 2020, Defendants asked this Court to strike certain of the consents or permit Defendants to file a motion to strike the consents. (Doc. 35). On June 17, 2020, after Plaintiffs were ordered to and did file a response to Defendants' letter (Docs. 36-38), the Court held a pre-motion conference. At the pre-motion conference, the Court denied Defendants' request to strike or move to strike the consents (*see* 29 U.S.C. § 216(b)); directed the parties to submit a proposed Civil Case Discovery Plan and Scheduling Order; and directed Defendants to (1) identify the "employer" with respect to Plaintiffs on behalf of Huaquechula; and (2) provide the Court with citations to relevant case law concerning the statute of limitations issues raised by Defendants concerning both Plaintiffs' Proposed Amended Complaint and the filed consents.  The parties complied with the Court's directives (Docs. 39, 40), and a Civil Case Discovery Plan and Scheduling Order was entered on June 29, 2020. (Doc. 41).

Plaintiffs express concern that the discovery schedule that is now in place will not permit adequate time to obtain discovery as to the new parties and claims that Plaintiffs' Proposed Amended Complaint seeks to add, and as such, seek to "suspend" discovery. (Doc. 42). Plaintiffs also now take issue with Defendants' letter disclosing the "employer" insofar as Defendants did not disclose any individual or entity with respect to putative defendant Rancho Grande Mexican Restaurant ("Rancho Grande"). *Id*. Defendants oppose Plaintiffs' request to "suspend" discovery,

---

[1] Plaintiffs' allegation that their motion to amend "has been pending for nearly a year" (Doc. 42 at 2) is belied by the Court's docket which reflects that the motion was first filed on March 3, 2020 (four months ago) and fully submitted on April 20, 2020 (less than three months ago).

[2] The Court notes that although Plaintiffs' Proposed Amended Complaint seeks to add these two new party plaintiffs, they also seek to add Rafael Pitalua, who does not appear to have filed a consent to become a party plaintiff under the FLSA.

and correctly point out that the Court did not Order them to identify the employer with respect to Rancho Grande, as the Court did not require Defendants to identify owners from non-party entities or go beyond the footprint of the extant Complaint. (Doc. 43).

With respect to the motion to amend the Complaint, the Court hereby GRANTS Plaintiffs' motion, but DENIES Plaintiffs' request to "suspend" discovery.  Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." "Leave to amend, though liberally granted, may properly be denied for 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court finds that the amendment will promote judicial efficiency which justice requires and will not unduly prejudice Defendants. Defendants' argument concerning the statute of limitations is an inappropriate means by which to adjudicate Plaintiffs' motion or that defense in this context. Each alleged day of employment in the Proposed Amended Complaint creates a new claim or right, some of which may well be within the statute of limitations; and the statute of limitations operates, as a practical matter, to create a range for possible damages as opposed to a complete elimination of a claim for relief. Once served, Defendants will have a right to argue that affirmative defense, as well as any of their other defenses they deem appropriate. The statute of limitations does not make amendment futile. Equally and given this reality, no purpose would be served to "suspend" discovery as Plaintiffs have proposed. That request is denied.

Plaintiffs have also indicated that the information provided by Defendants concerning the "employer" with respect to Huaquechula enables Plaintiffs to revise the Proposed Amended Complaint to include the additional "necessary defendants." (Doc. 42, at 2). Accordingly, and in

addition to granting Plaintiffs' motion to amend as to the Proposed Amended Complaint, Plaintiffs also have permission to revise the Proposed Amended Complaint only to the extent of reflecting the proper party defendants disclosed by Defendants as to the "employer" with respect to Huaquechula.

Plaintiffs shall file their Amended Complaint on or before July 17, 2020 and shall serve all parties who have not yet appeared in this action forthwith. Discovery will not be "suspended" or stayed; and the parties are reminded that the deadlines set forth in the Civil Case Discovery Plan and Scheduling Order will generally not be extended absent exceptional circumstances.

SO ORDERED:

Dated: New York, New York
July 10, 2020

Philip M. Halpern
United States District Judge

4