PKA Law

November 4, 2020

> Application granted. The Court treats this letter-motion as a motion for a protective order. The motion is granted and the Subpoenas (Doc. 70-1, 70-2) are quashed to the extent that they seek the production of Lira's personal tax returns and non-party testimony concerning same. Plaintiffs have not established that there is no alternative way to secure the information sought.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: New York, New York
> November 5, 2020

**By SDNY ECF**
Hon. Philip M. Halpern
United States District Court
 For the Southern District (NY)
500 Pearl Street, Room 1950
New York, New York 10007

    Re: *Andrea Tapia et al. v. Huaquechula Restaurant Corp. et al.*
      *Case No. 18-cv-10771 (PMH)(AEK)*

Dear Judge Halpern:

  This firm represent defendants Huaquechula Restaurant Corp. d/b/a Guadalajara Mexican Restaurant ("GMR") and Fidel Lira a/ka/ Jesus Lira ("Lira", jointly with GMR are "Defendants") in the above referenced matter. Please accept this letter-motion as a premotion request for protective order under Fed. R. Civ. P. 26. Pursuant to Fed. R. Civ. P. 37(a)(1), Local Civil Rule 37.2 of the Southern District of New York, and Rule 4(D) of Your Honor's Individual Practices in Civil Cases, I held a meet and confer with counsel for plaintiff Andrea Tapia, Jordan El-Hag, Esq., on Tuesday, October 27, 2020, to resolve the issues herein. Despite a collegial conversation of close to an hour, we were unable to resolve this matter and require the Court's intervention.

  Defendant Fidel Lira, in his individual capacity, objects to Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Dkt. 59) and Subpoena to Testify at a Deposition in a Civil Action (Dkt. 60) (jointly, "Subpoenas"), each served upon deponent Rosanna Bell, PLLC ("Bell"), to the extent the Subpoenas compel the

1



production of documents and testimony relating to Lira's personal tax returns, which are filed jointly with his spouse.

As an initial matter, the Subpoenas are an improper attempt to circumvent direct discovery through a non-party. Plaintiffs should have demanded the tax returns from Lira directly in discovery before resorting to a non-party subpoena. *See Ellis v. City of New York*, 243 F.R.D. 109, 112 (S.D.N.Y.2007) ("Had the City properly requested the records during discovery, the appropriate remedy would have been to file a motion to compel, and not issue a subpoena after the close of discovery."). Tellingly, Plaintiffs have not made any demands on Lira for his tax returns and related documents in his personal capacity. In direct discovery, Plaintiffs only requested business returns related to Lira's alleged ownership or management of GMR; not any personal returns. *See* Defendant Fidel Lira's Response to Plaintiffs' Request for Production dated September 29, 2020, at Response No. 2.[1] Lira responded that he was not in possession, custody or control of any of those corporate documents. Plaintiffs failed to inquire further as to Lira's tax returns and other relevant documents prior to filing the Subpoenas. In this regard, the Subpoenas are inherently improper.

The Subpoenas also should be quashed, or modified, on substantive grounds. "Under Rule 45(c)(3)(A), a court can quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies ...' " *Ellis*, 243 F.R.D. at 111 citing Fed.R.Civ.P. 45(c)(3)(A). Under Fed.R.Civ.P. 26(b)(1), the court may also quash or modify a subpoena that calls for irrelevant information.

---

[1] "Every document that any Defendant used, created and/or maintained to record any wages paid to any Plaintiff during the Relevant Time Period. This request is seeking the business records that memorialize the Wages that any Defendant paid to any Plaintiff for the Work the Plaintiff performed for the Defendants. Including but not limited to, payroll journals, records of payments, bank records, cancelled checks, payment receipts, IRS-W-2 forms or 1099-Forms, NYS-45 tax forms, Pay Notices, etc."

2

"Tax returns qualify as protected matter[.]" *Ellis*, 243 F.R.D. at 111. "[C]ourts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with a qualified immunity." *Trudeau v. New York State Consumer Protection Board*, 237 F.R.D. 325, 331 (N.D.N.Y.2006) (citations omitted). "[C]ourts have been reluctant to require disclosure of tax returns because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.' " *Ellis*, 243 F.R.D. at 111 (citations omitted).

In this district, courts "have imposed a heightened standard for the discovery of tax returns." *Hawkins v. Medapproach Holdings, Inc.*, 326 F.R.D. 391, 393 (S.D.N.Y.2018) citing *Chen v. Republic Rest. Corp.*, No. 07-CV-3307, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008.). "A party seeking to compel production of tax returns in civil cases must meet a two-part test: first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Id.* citing *Rosas v. Alice's Tea Cup, LLC*, 127 F.Supp.3d 4, 11 (S.D.N.Y. 2015). Plaintiffs cannot satisfy this burden.

*First*, Lira's joint personal tax returns are neither relevant nor necessary to the claims or defenses of any party. Plaintiffs have failed to allege any facts or assert any claims for which Lira's joint personal tax returns and related documents are relevant. Indeed, Plaintiffs' purported relevance is based on speculation and hearsay; specifically, that Mr. El-Hag "heard" that Lira may have a personal tax liability. In addition, neither Plaintiffs nor Lira have placed any issue in controversy relating to his personal tax returns. Notably, the First Amended Complaint contains only sparse allegations made upon information and belief as to Lira's involvement in GMR. *See* Complaint ¶¶ 16, 17, 28 [Dkt. 47]. In this vacuum, it is not Lira's burden to contemplate the

3

Case 7-18-cv-10771-PMH  Document 70  Filed in NYSD on 11/04/2020  Page 4 of 5

possible relevance of his joint returns. As to the lone allegation that Lira purportedly transferred ownership of GMR to various shell companies, all information relating to Lira during the Relevant Time Period is in documents in the possession, custody and control of the corporate defendants to this litigation; not Lira's personal returns.

The Subpoenas also are not temporally relevant by seeking documents and information prior to the Relevant Time Period. *See* Subpoena Duces Tecum (Dkt. 59) at Nos. 3, 5, 6, 7. Lira has made clear since the inception of this litigation that he was not an owner or manager, or anyone else within the FLSA liability circle during the Relevant Time Period.[2] *See* Answer, Twelfth Affirmative Defense (Lira "was not an owner and/or manager of the restaurant during the Relevant Time Period[.]") (Dkt. 57). Any documents prior to November 21 or 26 of 2012 are outside the scope of relevant discovery.

Lira's personal tax returns also are irrelevant to demonstrate whether he was an owner of any of the corporate entities that owned GMR after he sold the restaurant in or around 2006; at least six (6) years prior to the Relevant Time Period. The tax returns for the defendant corporate entities that owned GMR during the Relevant Time Period – Guadalajara Restaurant, New Killmallock, Inc. and Axoltl Inc. – are sufficient to demonstrate the ownership and liability of any potential defendants.

*Second*, there also is no compelling need for Lira's jointly filed tax returns. As mentioned, as an initial step, documents from the corporate defendants should suffice to demonstrate Lira's disputed ownership (or lack thereof) and relevant financial information. Plaintiffs also could obtain

---

[2] The First Amended Complaint defines the "Relevant Time Period" as "any period during the 6 years immediately preceding the filing of this complaint." FAC ¶ 44 n 3. The Complaint was initially filed on November 26, 2018 (Dkt. 6), which makes the Relevant Time Period from November 26, 2012 to the present. By contrast, the Definitions and Instructions to the Subpoena contend inconsistently that the Relevant Time Period is from November 21, 2012. *See* Subpoena (Dkt. 59) at "w".

relevant information through depositions, which we suggested and Plaintiffs have refused. Notably, however, Plaintiffs have not held any depositions and have failed to even seek relevant documents from any other party before issuing the Subpoenas on a non-party. The Subpoenas are improper because Plaintiffs failed to seek other non-privileged documents for the information they seek, which has not even been articulated.

      As a result of these deficiencies, defendant Fidel Lira respectfully requests a protective order precluding the production of Lira's personal tax returns, which are jointly filed with his wife.

      Respectfully submitted,

      /s/

      Benjamin Suess

cc: Jordan El-Hag, Esq. (via ECF)