UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Andrea Tapia and all others similarly
situated, et al.,

                       Plaintiff,                  **ORDER**

       -against-                             18 Civ. 10771 (AEK)

Fidel Lira also known as Jesus Lira, et al.,

                       Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

        The in-person status conference scheduled for Tuesday, September 14, 2021 at 10:00 a.m. before Magistrate Judge Krause is hereby rescheduled to **Tuesday, September 21, 2021 at 10:00 a.m.**

        The schedule for filing discovery dispute letters that was ordered by the Court at the July 28, 2021 conference was set with a purpose: to require the parties to complete their meet and confer process by late August/early September, identify any outstanding disputes with specificity by September 3, and enable the opposing party to respond regarding the identified issues by September 10.  Instead, the parties ignored the Court's deadlines—not the first time that has happened in recent months, *see* ECF No. 96—and both submitted letters on September 10, 2021, at 4:26 p.m. (Plaintiff, ECF No. 102) and 11:53 p.m. (Defendants, ECF No. 103) only after prompting by a member of the Court's staff.

        What is clear from these letters, however, is that the parties have not adequately met and conferred about the disputes.  For example, Defendants apparently (finally) sent a response to Plaintiff's August 30, 2021 deficiency letter *on September 10, 2021*, *see* ECF No. 103 at 1 *& ECF No. 103-1, meaning that Plaintiff had no realistic opportunity to evaluate this response,

engage in discussions with counsel for Defendants, and potentially narrow the scope of issues to be presented to the Court. Moreover, Defendants apparently sent their own deficiency letter to Plaintiff *for the first time on September 10, 2021*, a full week well after any substantive discovery disputes were supposed to have been addressed through meet and confer discussions and raised with the Court. Further, Defendants' submission to the Court identifies purported problems with the Plaintiff's response to Defendants' document demands and interrogatories, but Defendants did not supply the Court with copies of the Plaintiff's responses, so it is not possible for the Court to evaluate the propriety of those responses. This is not meant to be an exhaustive list of the problems with these recent filings.

      Accordingly, the discovery issues referenced in the parties' letters are not yet ripe for judicial intervention. By no later than Wednesday, September 15, 2021, the parties must meet and confer by telephone *for at least one hour* to go through each and every one of the document demands and interrogatories where one party believes the other party's current response is still deficient. At the end of that meet and confer, each party should have a full understanding as to whether the opposing party intends to further supplement any of the responses where issues have been raised (and, if so, the specific date by which the supplemental responses will be provided), or whether the opposing party will stand on the current responses and objections. No later than Friday, September 17, 2021, each party must write another letter to the Court listing each and every document demand or interrogatory where the party believes that the opposing party's final response (*i.e.*, a response that is not still to be supplemented) remains deficient or incomplete. To the extent that a party is challenging the opposing party's written response to an interrogatory or document request, the Court must receive a copy of the challenged response as part of the

September 17, 2021 submission.[1]  The Court will then rule on these matters at the rescheduled conference on Tuesday, September 21, 2021.

\* \* \* \* \* \* \* \* \* \*

Any failures to comply with this order, or to adhere to deadlines set by the Court in the future, may result in substantive consequences for the party or parties who ignore the deadlines, including but not limited to the denial of requested relief as to matters where the party or parties have failed to comply.

Dated: September 13, 2021
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

[1] Plaintiff, for example, provided the Court with Defendants' responses and objections to Plaintiff' interrogatories and document demands as part of Plaintiff's September 10, 2021 submission.  *See* ECF Nos. 102-2 & 102-3.  This allowed the Court to see that Defendants' initial responses were inadequate in numerous ways, in particular because they failed to comply with the requirements of Rule 34(b)(2)(B) and (C) of the Federal Rules of Civil Procedure.  The Court notes that Defendants' September 10, 2021 response to Plaintiff' deficiency letter appears to have addressed some of these shortcomings.  *See* ECF No. 103-1.