UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Tapia, et al.,

                Plaintiffs,                 **DECISION AND ORDER**

    -against-                                     18 Civ. 10771 (AEK)

Lira, et al.,

                Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

On November 2, 2021, the Court issued a Decision and Order that denied without prejudice the application filed by Plaintiffs, on behalf of themselves and Defendants Fidel Lira a/k/a Jesus Lira, Mary E. Moloney a/k/a Mary Lira, and New Killmallock, Inc. (the "Settling Defendants"), for approval of their settlement agreement as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 108 ("D&O"). The Court ordered that the parties reapply "for approval of a settlement agreement that is revised in accordance with this Decision and Order." D&O at 12. Presently before the Court is the parties' renewed application for *Cheeks* approval. ECF Nos. 120 ("Renewed Application") & 120-1 ("Revised Agreement").

With respect to the parties' prior application for *Cheeks* approval, ECF No. 100 ("*Cheeks* Application"), and their original proposed settlement agreement, ECF No. 100-1 ("Settlement Agreement"), the D&O cited five issues that needed to be addressed. Having reviewed the

---

[1] The parties have consented to the Court's jurisdiction under 28 U.S.C. § 636(c). ECF No. 91.

Renewed Application, the Court finds that the parties have failed to comply with most of the directives included in the D&O.

The Court's first criticism of the Settlement Agreement was that, rather than stating the exact dollar amounts to be allocated to each Plaintiff, the Settlement Agreement "state[d] only that the full Settlement Amount is to be paid to Plaintiffs' counsel, and Plaintiffs' counsel 'shall then distribute each Plaintiff's settlement payment from Plaintiff's [sic] Counsel's trust account.' Settlement Agreement ¶ 2.1.ii." D&O at 4. The Court instructed that "[i]n order for the Settlement Agreement to be approved, it must state clearly the exact dollar amount to be paid to each Plaintiff—this information must be added to the revised version of the Settlement Agreement." *Id.*. The parties have not made the revision ordered by the Court. The Revised Agreement still states that the Settling Defendants will pay the full settlement amount to Plaintiffs' counsel and that "Plaintiff's [sic] Counsel shall then distribute each Plaintiff's settlement payment from Plaintiff's [sic] Counsel's trust account." Revised Agreement ¶ 2.1.i. While the Renewed Application states that the Revised Agreement purportedly "provides that the Plaintiffs split the settlement funds equally instead of *pro rata*," *id.* at 1, the Revised Agreement itself does not actually say this, and it still fails to state the exact dollar amount to be paid to each Plaintiff.

In addition, the D&O also noted that there were a few references to "opt-ins" in the Settlement Agreement, even though the *Cheeks* Application stated that "[t]his settlement is not a class/collective settlement. It is limited to the named Plaintiff [sic]." D&O at 4 n.3 (quotation marks omitted). The Court thus ordered that any "reference to 'opt-ins' in the Settlement Agreement, must be removed in the revised version." *Id.*. Nonetheless, there are two provisions

2

in the Revised Agreement that still refer to "Opt-Ins." Revised Agreement ¶¶ 2.1.iii., 3.1. Again, these issues must be corrected before the Court can approve the settlement.

The Court's second criticism of the Settlement Agreement related to the attorneys' fees provisions, in particular, Settlement Agreement ¶¶ 2.1.iv and 2.2.i, which together suggested that Plaintiffs' counsel would "recover the full amount of his fees as set forth in his contingency retainer agreement *regardless* of whether the Court approves the fee amount, despite the language in the Settlement Agreement regarding seeking Court approval." D&O at 5 (emphasis in original). The Court explained that "in a case like this one, [w]hile counsel's retainer agreement with the prevailing plaintiff may certainly be considered in assessing the reasonableness of the allocation of the proposed settlement corpus, in the end, it remains the Court's authority under § 216(b) of the FLSA to determine whether the proposed fee is a reasonable attorney's fee." *Id.* at 6 (quotation marks omitted).

In the Revised Agreement, the former paragraph 2.1.iv., which provided that "Plaintiffs . . . shall be responsible for the payment of Plaintiffs' Counsel pursuant to their contingency retainer agreement," is now paragraph 2.1.iii., and the parties retained paragraph 2.2.i., which provides that "Plaintiffs' Counsel will seek approval of . . . an application to the Court that one-third of the Settlement Amount in addition to the recoupment of costs and expenses shall be paid to Plaintiff's counsel as per the Plaintiffs [*sic*] contingency retainer agreement arrangement with Plaintiffs' counsel. There shall be no award of statutory attorney fees or related expenses." Thus, the parties have failed to revise the Settlement Agreement, as required by the Court, to "remove any language that may be read to preclude judicial oversight of the amount allocated to attorneys' fees, or that binds Plaintiffs to paying their counsel in accordance with his retainer agreement regardless of any judicial determination with respect to a reasonable fee." D&O at 8.

The Court also noted in the D&O that "[c]ourts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Id.* at 6 (quotation marks omitted). One-third of the $30,000 settlement amount set forth in the Settlement Agreement is $10,000, which is the same as the proposed amount of attorneys' fees listed in the parties' *Cheeks* Application. (The *Cheeks* Application, unlike the Renewed Application or Revised Agreement, provided a breakdown of how the $30,000 would be allocated among attorneys' fees, costs, and payments to each Plaintiff.) However, as the D&O pointed out, the Settlement Agreement "fail[ed] to take into account case law in this District that provides that when awarding fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs." D&O at 6-7 (quotation marks omitted) (emphasis in original). Indeed, as noted above, the Revised Agreement includes the same paragraph 2.2.i., which provides for "an application to the Court that one-third of the Settlement Amount in addition to the recoupment of costs and expenses shall be paid to Plaintiff's [*sic*] counsel . . . ." Revised Agreement ¶ 2.2.i.. In the D&O, the Court also proceeded to calculate the proper dollar allocations for attorneys' fees and costs, as well as damages for each Plaintiff, determining that one-third of the total settlement amount net of costs was $9,770.20, and that if Plaintiffs' counsel were allocated the total of his fees plus costs—$10,459.59—then each Plaintiff would be entitled to $3,908.08. D&O at 7 & n.5. The Court ordered the parties to revise the Settlement Agreement to "state the allocations of the Settlement Amount as to each of the Plaintiffs and to Plaintiffs' counsel, with the allocations to be recalculated as set forth above." *Id.* at 8. They have not done so.

The Renewed Application and Revised Agreement do address the Court's third and fourth criticisms of the Settlement Agreement. The Renewed Application sufficiently explains both why the settlement proceeds are being allocated equally among all Plaintiffs ("they elected

4

to divide the funds equally") and the basis for the assertion that the Settling Defendants are "judgment proof." Renewed Application at 1-2. The Revised Agreement also appropriately deletes the references to other, unidentified entities in its definition of "Defendant Releasees." Revised Agreement ¶ 1.12.

Finally, the parties failed to make revisions in accordance with the Court's fifth and final criticism of the Settlement Agreement, which related to the non-disparagement provision. The Court ordered that the provision "must be revised to state that Plaintiffs also may speak truthfully about their experience litigating this case." D&O at 12. The parties have not done so. Rather, Revised Agreement ¶ 5.1.a. is exactly the same as Settlement Agreement ¶ 5.1.a. This also must be corrected before the Court can approve the settlement agreement.

## CONCLUSION

For the reasons set forth above, the parties' Renewed Application (ECF No. 120) is DENIED WITHOUT PREJUDICE to the parties reapplying for approval of a settlement agreement that is further revised in accordance with this Decision and Order. The parties are hereby directed to submit a further revised settlement agreement on or before April 14, 2022.

Dated: March 15, 2022
   White Plains, New York

                     **SO ORDERED.**

                     _____
                     ANDREW E. KRAUSE
                     United States Magistrate Judge